[S. F. No. 2333.    Department One.—November 14, 1902.]

## J. S. YOUNG, Appellant, v. PACIFIC SURETY COMPANY, Respondent.

BOND OF INDEMNITY—APPLICATION PART OF CONTRACT.—Where the answers to questions and representations contained in an application for a bond of indemnity against the dishonesty of the cashier and bookkeeper of the applicant were expressly declared to form the basis of the contract under the proposed bond, such answers and representations became part of the bond of indemnity.

ID.—BREACH OF CONTRACT—FAILURE TO EXAMINE BOOKS AND ACCOUNTS.—DEFALCATION—DISCHARGE OF SURETY.—Where the applicant for the bond of indemnity represented that the books and accounts of the cashier and bookkeeper could be examined and audited, and all moneys, securities, vouchers, and property on hand would be examined and verified daily, and the applicant, by reason of absence, failed for four days to comply with the terms of the contract, during which time the cashier absconded with his employer's money, such failure discharged the surety from liability upon the bond.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Welles Whitmore, P. L. Benjamin, and John C. Hughes, for Appellant.

Myrick & Deering, for Respondent.

GAROUTTE, J.—This appeal is prosecuted from a judgment of nonsuit, and involves the liability of a surety com-

pany upon a bond of indemnity issued in favor of plaintiff, an employer, and indemnifying him against the dishonesty of his cashier and bookkeeper.

In plaintiff's application for the bond of indemnity he was asked the following question: "At what intervals will his books and accounts be examined and audited, and all moneys, securities, vouchers, and property on hand be examined and verified?" In reply he said, "Daily." He was then asked the additional question: "By whom will this be done?" and his reply was, "Myself." His application for the bond also contained the following statement: "It is hereby declared that the answers and representations are true and that they shall be held to form the basis of the contract under the proposed bond." During an absence of four days from the city by plaintiff the cashier absconded, carrying away money of his employer.

From the foregoing state of facts it is apparent at a glance that plaintiff committed a breach of the contract of indemnity by omitting for a period of four days to verify the accounts and moneys on hand in the custody of his employee. Section 2608 of the Civil Code provides: "A statement in a policy, which imports that it is intended to do or not to do a thing which materially affects the risk, is a warranty that such act or omission shall take place." In view of this express provision of the statute, it is evident that the questions and answers heretofore quoted from plaintiff's written application became a part of the bond, or policy of indemnity, and consequently plaintiff is bound by the terms of the contract he made, and having failed to substantially comply with those terms, his failure necessarily discharges the defendant from liability. (*Hunt* v. *Fidelity and Casualty Co.*, 99 Fed. 242.)

For the foregoing reasons the judgment is affirmed.

Van Dyke, J., and Harrison, J., concurred.