[Civ. No. 1088. First Appellate District.—April 25, 1913.]

GROVER B. LARRIMORE, Appellant, v. THE UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Respondent.

FIDELITY INSURANCE—BOND FOR INTEGRITY OF EMPLOYEE OF PARCEL DELIVERY COMPANY.—A fidelity and guaranty company is released from liability upon its policy insuring the integrity of an employee of a parcel delivery concern while foreman of the delivery of parcels for a mercantile firm, where, instead of a daily verification of deliveries by the cashier of the firm as required by the policy, the mere word of such foreman is accepted as to whether the packages intrusted to him have been delivered and paid for.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Leon E. Prescott, for Appellant.

Thomas, Beedy & Lanagan, for Respondent.

LENNON, P. J.—In this action the plaintiff sued for and recovered a judgment against the defendant in the sum of one thousand dollars upon a policy of fidelity insurance, which was issued to the plaintiff by defendant as security for the integrity of one Charles A. Martinella, an employee of plaintiff. The case was tried with a jury and a verdict rendered in favor of the plaintiff. Upon motion of the defendant the lower court ordered a new trial, from which the plaintiff has appealed.

The motion for the new trial was made upon all of the statutory grounds, and the order granting it is general in its terms.

It is not disputed that the order appealed from must be sustained if it can be justified upon any one of the grounds enumerated in the motion for a new trial; but appellant insists that the record does not show a single statutory ground by which the order granting a new trial can be supported.

One of the grounds of the motion was the insufficiency of the evidence to support the verdict and judgment; and we are satisfied that upon that ground alone the lower court was justified in granting the new trial.

As a defense to the action the defendant specifically pleaded a breach of certain warranties contained in the bond. The evidence, briefly stated, shows that the plaintiff was engaged in the parcel delivery business. As the assignee of a contract with the firm of Weinstock, Lubin & Co. he was employed by that firm to deliver parcels of merchandise to its customers in the city and county of San Francisco. Martinella, who was designated as the principal in the contract of insurance, was employed by plaintiff as a foreman of delivery, and was assigned for duty with the firm of Weinstock, Lubin & Co. In the course of his employment he embezzled a sum in excess of one thousand dollars from moneys which he had collected for goods delivered by him or under his direction. Plaintiff's written application to the defendant called for a "bond of security" for Martinella while in the service of the plaintiff

at the firm of Weinstock, Lubin & Co.; and this application contained certain warranties by the plaintiff in the form of questions and answers which, by stipulation of the parties expressed in the application, were made the basis of the bond as finally issued. The plaintiff in this application among other things expressly warranted that Martinella would account "to the cashier of Weinstock, Lubin & Co. once a day," and that such account would be verified every day "by checking with cashier of Weinstock, Lubin & Co."

It is an undisputed fact in the case that Martinella never at any time accounted for his deliveries and collections to the head cashier of Weinstock, Lubin & Co. It was shown, however, that he reported his deliveries and collections to the "C. O. D. cashier," who invariably accepted Martinella's statement as correct without verifying the same by checking or otherwise. In short, the evidence shows without conflict that there was a substantial breach of the warranty promised and provided for in the bond, to the effect that Martinella would render a daily account to the cashier of Weinstock, Lubin & Co., and that such account would be ascertained to be correct by a daily checking with and by such cashier.

It may be conceded that the warranty promised by plaintiff should not be taken literally and construed to mean that Martinella was to account to the cashier in person of Weinstock, Lubin & Co. Undoubtedly an accounting to and checking by any representative of the cashier's department of the firm mentioned would have been a substantial and sufficient compliance with the warranty of the bond; and the plaintiff's position would have been unassailable if it had been shown that the "C. O. D. cashier" had, in accordance with the requirement of the bond, examined and checked Martinella's daily account of his deliveries and collections. This, however, as has already been shown, the "C. O. D. cashier" did not do. On the contrary, in lieu of the checking promised by plaintiff and required by the bond Martinella's mere word was accepted as to whether or not the packages intrusted to him had been delivered and paid for.

That the checking of the deliveries warranted by the bond was of vital importance to the defendant is best illustrated by the testimony of Mr. James A. Johnson, president of Weinstock, Lubin & Co., who testified that Martinella's defalcation

21 Cal. App.—49

"never could have occurred if our C. O. D. clerk had followed our system exactly, and required the driver to produce either the money or the packages."

Compliance with the warranty in question was a condition precedent to a recovery upon the bond; and the failure of plaintiff's proof to show such compliance exonerated the defendant from the obligation of the bond. (*Young* v. *Pacific Surety Co.*, 137 Cal. 596, [70 Pac. 660]; *Rice* v. *Fidelity & Deposit Co.*, 103 Fed. 427, [43 C. C. A. 270]; *United States Fidelity & Guaranty Co.* v. *Ridgley*, 70 Neb. 622, [97 N. W. 836].)

The order appealed from is affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 24, 1913.